IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**VANESSA J. JONES**  **PLAINTIFF**
*doing business as*
*Jones Law Firm*

V.  CASE NO: 2:23-cv-00003-HSO-BWR

**HIGH RISE FINANCIAL LLC and**  **DEFENDANTS**
**MICHAEL MACKIE** *individually*

## SECOND ORDER SETTING DEADLINE FOR PLAINTIFF TO FILE PROOF OF EFFECTIVE SERVICE OF PROCESS

This matter is before the Court *sua sponte* for a second time to address service of process upon Defendants. One hundred and thirty (130) days have passed since the Complaint was filed, and while Plaintiff purports to have served Defendants, the summons returns [5][6] indicate ineffective service. Plaintiff's failure "to properly serve and file proof of service upon Defendants" by May 12, 2023 is a violation of the Court's Order [3] setting May 12, 2023 as the deadline for filing proof of effective service upon Defendants.

There are at least two problems with Plaintiff's attempted service of process on Defendants. First, Federal Rule of Civil Procedure 4(l)(1) provides that proof of service must be made to the Court, and that "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). Here, there is no indication that a United States marshal or deputy marshal was the server, and the server did not complete the summons return affidavit. The spaces provided for the server's name and title, address, signature, and date are blank. [5] at 1, [6] at 1.

Second, Plaintiff's attempted service on Defendants via Federal Express was neither proper under the Federal Rules of Civil Procedure, Mississippi Rules of Civil Procedure, nor California law. *See David B. Turner Builders LLC v. Weyerhaeser Co.*, No. 3:21-CV-309-KHJ-LGI, 2021 WL 5098283, at *3 (S.D. Miss. Nov. 2, 2021) ("Federal Express is not a sufficient substitute for certified mail"); *Inversiones Papaluchi S.A.S. v. Superior Ct.*, 20 Cal. App. 5th 1055, 1067 (2018) ("attempted service by Federal Express did not constitute valid service of process under California law").

While the Court has discretion to extend the time for service even in the absence of a showing of good cause, *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013), Plaintiff has already been given an extension of time to serve Defendants. Plaintiff will be provided a second extension of time to effectuate proper service upon Defendants but is warned that if she fails to meet the second extended deadline of **June 6, 2023** for effectuating service of process, this case will be postured for dismissal without prejudice under Federal Rule of Civil Procedure 4(m) and without further notice to Plaintiff for failure to timely effectuate service of process.

**IT IS, THEREFORE, ORDERED** that **June 6, 2023** is the second extended deadline for Plaintiff to file proof of effective service of process on Defendants.

**SO ORDERED**, this the 16th day of May 2023.

s/ *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE