## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

| | | |
|---|---|---|
| **VANESSA J. JONES, doing business as Jones Law Firm** | § § § § | **PLAINTIFF** |
| **v.** | § § § | **Civil No. 2:23cv3-HSO-BWR** |
| **HIGH RISE FINANCIAL LLC and MICHAEL MACKIE, Individually** | § § § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION [8] FOR EXTENSION OF TIME TO SERVE PROCESS, AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)

BEFORE THE COURT is the Motion [8] for Extension of Time to Serve Process filed on June 7, 2023, by Plaintiff Vanessa J. Jones, doing business as Jones Law Firm.   After due consideration of the record and relevant legal authority, the Court is of the opinion that Plaintiff's Motion [8] should be denied, and that, because Defendants have not been timely served with process despite the Court's prior extensions of Plaintiff's deadline for doing so, Plaintiff's claims against Defendants should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## I.   BACKGROUND

On January 6, 2023, Plaintiff Vanessa J. Jones, doing business as Jones Law Firm ("Plaintiff" or "Jones"), filed the Complaint [1] in this case advancing claims against Defendants High Rise Financial LLC ("High Rise") and Michael Mackie,

Individually ("Mackie"), for defamation and breach of arbitration agreement.   *See* Compl. [1] at 3-4.   According to the Complaint [1], Plaintiff and High Rise had entered into an "Attorney Acknowledgment Contract" that contained an arbitration agreement, which High Rise through its agent Mackie allegedly breached "by filing a Complaint with the Mississippi Bar without first submitting the matter to arbitration pursuant to its own contract."   *Id.* at 4.   Plaintiff claims that she was defamed when "false written statements were delivered by High Rise Financial LLC's agent Michael Mackie to The Mississippi Bar," *id.* at 2, which were "intended to injure Jones in her profession as an attorney," *id.* at 4.

On the same date that the Complaint was filed, Plaintiff caused a summons to issue for High Rise and one for Mackie, both listing the same address in Sacramento, California.   *See* Summonses [2] at 1-2.   When Plaintiff had not returned any executed or unexecuted summonses 105 days later, on April 21, 2023, the Magistrate Judge entered an Order [3] pursuant to Federal Rule of Civil Procedure 4(m) stating that Plaintiff had "until **May 12, 2023** to properly serve and file proof of service upon Defendants. Otherwise, the claims against Defendants may be dismissed without prejudice and without further notice to Plaintiff."   Order [3] at 1 (emphasis in original).

On May 10, 2023, Plaintiff filed Proofs of Service [5], [6], neither of which were executed by any process server.   *See* Proof [5] at 1; Proof [6] at 1.   Receipts and tracking information attached to the proofs indicated that someone had attempted to serve High Rise and Mackie by serving Paracorp Incorporated, which

was purportedly "designated by law to accept service of process on behalf of" High Rise and Mackie, Proof [5] at 1; Proof [6] at 1, via "FedEx 2Day" service, Ex. [5-1] at 1, 2; Ex. [6-1] 1, 2. According to the receipts, the FedEx packages were shipped on January 6, 2023, *see* Ex. [5-1] at 1; Ex. [6-1] at 1, the same date that the Complaint had been filed, *see* Compl. [1].

On May 16, 2023, the Magistrate Judge entered a Second Order [7] Setting Deadline for Plaintiff to File Proof of Effective Service of Process. *See* Order [7]. He noted that 130 days had passed since the Complaint had been filed and that, "while Plaintiff purports to have served Defendants, the summons returns [5][6] indicate ineffective service." *Id.* at 1. The Magistrate Judge explained that "Plaintiff's attempted service on Defendants via Federal Express was neither proper under the Federal Rules of Civil Procedure, Mississippi Rules of Civil Procedure, nor California law," *id.* at 2 (collecting cases), and that Plaintiff's Proofs of Service [5], [6] did not comply with Rule 4 because they were not signed by the process server, *see id.* at 1 (citing Fed. R. Civ. P. 4(l)(1)). Even though Plaintiff had previously been granted an extension of time to serve Defendants, the Magistrate Judge afforded her a second extension to effectuate proper service, warning that if Plaintiff "fails to meet the second extended deadline of **June 6, 2023** for effectuating service of process, this case will be postured for dismissal without prejudice under Federal Rule of Civil Procedure 4(m) and without further notice to Plaintiff for failure to timely effectuate service of process." *Id.* at 2 (emphasis in original).

Plaintiff did not seek reconsideration of the Magistrate Judge's Order [7] or otherwise file anything in the record by the June 6, 2023, deadline.   Instead, one day after the deadline, on June 7, 2023, she filed the present Motion [8] for Extension of Time to Serve Process.   *See* Mot. [8].   Plaintiff makes no attempt to explain the belatedness of her request for another extension.   *See id.*   In her one-page Motion [8], she asserts:

1.   That process has been effectuated on each defendant by furnishing a Complaint and Summons provided and delivered by FEDERAL EXPRESS.

2.   That a Summons and Complaint has been mailed via the U.S. Postal Service to both defendants by CERTIFIED MAIL, RETURN RECEIPT REQUESTED and proof will be filed once it is received from the U.S. Postal Service.

*Id.* at 1.   Plaintiff requests that "time to execute process be extended by 60 days from the date of any Order which might be entered on this motion."   *Id.*

## II.   DISCUSSION

### A.   Relevant legal standard

Under Rule 4(m),

[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.   But if the plaintiff shows *good cause* for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).   The United States Court of Appeals for the Fifth Circuit has held that "[p]roof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."   *Thrasher v. City of*

4

*Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation omitted).   Moreover, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* (quotation omitted).   Where a plaintiff lacks good cause, a court nevertheless has discretion to extend the time for service.   *See id.*

B.   Whether Plaintiff's Motion [8] for Extension of Time to Serve Process should be granted

As the Magistrate Judge determined, *see* Order [7] at 1-2, Plaintiff did not properly serve Defendants within 90 days of filing the Complaint as required by Rule 4(m), *see* Fed. R. Civ. P. 4(m).   After the Court twice granted sua sponte extensions of time for Plaintiff to properly serve Defendants, she still did not comply with the deadlines imposed by the Magistrate Judge.   *See id.*; Order [3].   Instead, one day after the latest deadline passed, *see* Order [7] at 2, Plaintiff filed a Motion [8] seeking even more time to serve process, *see* Mot. [8] at 1.

In support of her request, Plaintiff states that process had been made by Federal Express, or "FedEx," and that a Summons and a Complaint has now been mailed via the United States Postal Service to both Defendants by certified mail, return receipt requested, and that "proof will be filed once it is received."   *Id.* With respect to Plaintiff's purported service of process by FedEx, the Magistrate Judge has already explained to Plaintiff that her "attempted service on Defendants via Federal Express was neither proper under the Federal Rules of Civil Procedure, Mississippi Rules of Civil Procedure, nor California law."   Order [7] at 2 (collecting cases).   However, even if service via FedEx were proper, Plaintiff has never filed a

completed proof of service for either Defendant showing that such service was ever

actually effected.[1]

Rule 4(e) permits service upon an individual by:

(1)     following state law for serving a summons in an action brought in courts of general jurisdiction *in the state where the district court is located or where service is made*; or

(2)     doing any of the following:

(A)     delivering a copy of the summons and of the complaint to the individual personally;

(B)     leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C)     delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).   For a domestic corporation such as High

Rise, it is properly served in a judicial district of the United States either:

(A)     in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B)     by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

Plaintiff asserts that she also served both Defendants by certified mail,

return receipt requested.   *See* Mot. [8] at 1.   Mississippi Rule of Civil Procedure

---

[1]   While "[f]ailure to prove service does not affect the validity of service," Fed. R. Civ. P. 4(l)(3), "proof of service must be made to the court" by a server's affidavit, Fed. R. Civ. P. 4(l)(1).   In the Proofs [5], [6] filed by Plaintiff, there is no indication who served the FedEx packages.   The server information is blank, and the Proofs are not dated or signed.   *See* Proof [5] at 1; Proof [6] at 2.   Even if FedEx were found to be a proper method of service permitted in this case, the Court would be unable to conclude that service was properly effected as to either Defendant based upon the record here.

4(c)(5) permits service

> on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

Miss. R. Civ. P. 4(c)(5).[2]

Although Mississippi Rule of Civil Procedure 4(c)(5) contemplates service of Defendants outside the State of Mississippi by certified mail, return receipt requested, *see id.*, Plaintiff has not indicated *when* either Defendant was purportedly served via that method, *see* Mot. [8].   Nor has she filed a new proof or service, or ever filed any *completed* proofs of service, with the Court.   Instead, Plaintiff ignored the Magistrate Judge's June 6 deadline contained in his Second Order [7] Setting Deadline for Plaintiff to File Proof of Effective Service of Process. *See* Order [7].

Based upon the current record and Plaintiff's inaction and dilatoriness, the

---

[2]   The California Code of Civil Procedure contains a provision for service upon a person outside of that state via mail. *See* Cal. Civ. Proc. Code § 415.40; *see id.* § 415.40 cmt ("Both registered and certified airmail, return receipt requested, meet this requirement.").   That section is not relevant here, as it appears Plaintiff's attempted service upon both Defendants has been *within* the State of California.   *See* Proof [5]; Proof [6]; *see also, e.g.*, Cal. Civ. Proc. Code § 415.10 cmt. ("Service by registered or certified airmail may be used to effectuate service only on a person outside this state." (citing Cal. Civ. Proc. Code § 415.40)). For in-state service by mail in California, the person to whom the summons and complaint are mailed must complete an acknowledgement form and return it to the sender in order for service to be deemed complete.   *See* Cal. Civ. Proc. Code § 415.30; *see also* Miss. R. Civ. P. 4(c)(3) (similar mail provision requiring return of acknowledgement form). There is no indication that Plaintiff has mailed either Defendant an acknowledgement form with the summons and Complaint, or that either Defendant returned such form.   *But see* Cal. Civ. Proc. Code § 415.30.

7

Court cannot conclude Plaintiff has shown good cause for her failure to timely effect service of process, nor does it find that yet another extension of the deadline is warranted.   *See* Fed. R. Civ. P. 4(m); *Thrasher*, 709 F.3d at 511.

C.     Whether Plaintiff's claims should be dismissed under Rule 4(m)

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ."   Fed. R. Civ. P. 4(c)(1).   This case has been pending for 158 days, and no Defendant has yet been properly served.   *See* Fed. R. Civ. P. 4; Compl. [1].   Although the Magistrate Judge has twice afforded Plaintiff additional time to serve Defendants under Rule 4(m), she let the latest deadline lapse before belatedly seeking additional time.   *See* Order [3]; Order [7]; *see also* Mot. [8] (filed one day after the June 6, 2023, deadline).   Plaintiff, who is a licensed attorney representing herself in this case, received notice that she had not timely served Defendants, and she has not shown good cause for a further extension.   *See* Order [3]; Order [7]; Mot. [8].   Dismissal under Rule 4(m) is therefore warranted.   *See* Fed. R. Civ. P. 4(m).

## III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that the Motion [8] for Extension of Time to Serve Process filed on June 7, 2023, by Plaintiff Vanessa J. Jones, doing business as Jones Law Firm, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED,** that the claims of Plaintiff Vanessa J. Jones, doing business as Jones Law Firm, against Defendants

High Rise Financial LLC and Michael Mackie, Individually, are **DISMISSED**

**WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

**SO ORDERED AND ADJUDGED**, this the 14th day of June, 2023.

_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE